113 N.J. Super. 545 (1971)
274 A.2d 595
ANGELINA BATTISTA AND RALPH BATTISTA, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH N. BELLINO, M.D., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1971.
Decided March 1, 1971.
Before Judges GOLDMANN, LEONARD and MOUNTAIN.
*546 Mr. Thomas F. Campion argued the cause for appellant (Messrs. Shanley and Fisher, attorneys; Richard E. Brennan, on the brief).
Mr. George B. Henkel argued the cause for respondents (Messrs. Marinello, Henkel, Soriano and Klein, attorneys; Mr. Henkel, on the brief).
The opinion of the court was delivered by MOUNTAIN, J.A.D.
Defendant appeals, pursuant to leave granted, from the denial by the trial court of his motion for summary judgment.
The facts of the case may be simply set forth. Plaintiff Angelina Battista suffered injuries as the result of an automobile accident. She instituted suit, her husband joining per quod, against the operator of the other car involved in the collision. Her attorney in that action arranged to have Dr. Bellino, the defendant here, testify as to Mrs. Battista's injuries. He had been a treating physician. The doctor's specified fee of $200 was paid but at the time of trial he did not appear. The case went forward, the doctor was nowhere to be found and at 2:30 in the afternoon the plaintiffs rested. The trial judge offered plaintiffs' counsel an opportunity to call Dr. Bellino if he could be produced before four o'clock that afternoon. This proved impossible.
Upon the following morning Mrs. Battista's counsel appeared in court with Dr. Bellino and sought leave to offer his testimony at that time. Counsel for defendants objected upon the ground that they had released their own medical witnesses at four o'clock the previous afternoon and accordingly would be unable to counter Dr. Bellino's testimony. The trial judge felt that in the light of these circumstances it would be unfair to the defendants to permit the doctor to testify and accordingly the case went to the jury without the benefit of the doctor's evidence.
The jury returned a verdict in favor of plaintiff Angelina Battista in the sum of $2,500.
*547 The gravamen of this action is to be found in plaintiffs' claim that Dr. Bellino had entered into a contract to testify on their behalf and that he thereafter broke this contract to their resultant injury.
Defendant moved for summary judgment which was denied and this appeal followed. Although the motion was one for summary judgment, it perhaps might more properly have been deemed a motion pursuant to R. 4:6-2(e) challenging plaintiffs' complaint as failing to state a claim upon which relief could be granted.
Initially it is urged here, as it was below, that plaintiffs are launching an improper collateral attack upon the $2,500 judgment and that the proper avenue to have followed in any search for further relief was by direct appeal from that judgment. We do not so read the complaint. Rather, we think, as did the court below, that plaintiffs are alleging that Dr. Bellino broke his contract and that as a result the jury verdict in the negligence action was smaller than would have been the case had defendant performed his contractual obligation by appearing and testifying. Defendant's counsel agreed on oral argument  we think quite properly  that a breach of contract must be conceded for the purpose of this motion. We also think the complaint sets forth a cause of action for breach of contract  something quite separate and apart from the claim in tort that was projected in the negligence suit.
It is next argued that even if this be so, the action should not be allowed to go forward because damages are so conjectural and speculative, so impossible of any precise proof, that the court will be powerless to grant relief. It may very likely be difficult to prove damages but this is no reason for denying plaintiffs the chance to try. The same argument was advanced and rejected in an action to recover for a prenatal injury, Smith v. Brennan, 31 N.J. 353, at 365 (1960), where the court observed that "the mere difficulty of proving a fact is not a very good reason for blocking all attempts to prove it." In Falzone v. Busch, *548 45 N.J. 559, at 566 (1965), in announcing the rule that there may be recovery for injury sustained from the negligent operation of a motor vehicle despite lack of physical impact, where the same argument was again presented, the court said that "difficulty of proof should not bar the plaintiff from the opportunity of attempting to convince the trier of fact of the truth of her claim." Many difficulties of proof, seemingly as intractable as that before us, have given way before the imaginative ingenuity and resourcefulness of counsel.
The order denying the motion for summary judgment is affirmed.